UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AARON OIL COMPANY, INC.** | CIVIL ACTION |
| **Plaintiff,** | CASE NO.: 15-_____ |
| vs. | SECTION "____"<br>Honorable _____ |
| **M/T SEABULK CHALLENGE, Her Hull, Engines, Tackle, Furniture, Gear, Electronics, Equipment and Appurtenances, etc.,** *in rem*. | MAGISTRATE (___)<br>Honorable _____ |
| **Defendant.** | |

**PLAINTIFF'S VERIFIED COMPLAINT**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW INTO COURT**, through undersigned counsel, comes Aaron Oil Company, Inc. ("AOC"), and for its Verified Complaint against Defendant M/T SEABULK CHALLENGE (IMO No. 7816551), Her Engines, Boilers, Tackle, Furniture, Apparel, Appurtenances, etc., *in rem*, alleges as follows:

**THE PARTIES**

1.  Plaintiff AOC is a corporation duly organized under the laws of the State of Alabama engaged in the business of providing goods and services to ocean-going vessels including, but not limited to, provision of bunkers, oil, removal of oily water and other wastes, as well as other/similar services and related goods.

2.  The *in rem* Defendant M/T SEABULK CHALLENGE is, upon information and belief, a tanker, approximately 192 meters in length long x 32 meters in breadth. Upon

information and belief, the M/T SEABULK CHALLENGE is owned by Seabulk Challenge, LLC, a domestic limited liability company with its principal place of business in Fort Lauderdale, Florida, and operated by Seabulk Tankers, Inc., a domestic corporation with its principal place of business in Fort Lauderdale, Florida.

## JURISDICTION AND VENUE

3.  This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest of the M/T SEABULK CHALLENGE.

4.  Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343.  In rem jurisdiction over the M/T SEABULK CHALLENGE is appropriately exercised, as the vessel is now or will be, during the pendency of this action, within the Eastern District of Louisiana, and may be arrested in accordance with the provisions of Rule C, as pled below.

5.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## FACTS AND CLAIM

6.  AOC provides goods and services to ocean-going vessels including, but not limited to, provision of bunkers, oil, removal of oily water and other wastes, as well as other/similar services and related goods.

7.  On the order of the M/T SEABULK CHALLENGE's owners, operators and/or duly authorized agents, AOC provided labor and materials necessary to remove waste water/oily water from the M/V SEABULK CHALLENGE, and to clean cargo tanks on the vessel.  All

work was performed while said vessel was at Signal Ship Repair in Mobile, Alabama during time period April 21 through May 7, 2015. The work/services provided were acknowledged and accepted by the vessel, as evidenced by execution of the attached "Material Manifests/Bills of Lading." See Exhibit 1.

8. The total cost for the above-referenced "necessaries" provided to the M/T SEABULK CHALLENGE is $128,711.45, no part of which has been paid.

9. The non-payment for provision of the referenced necessaries delivered to the M/T SEABULK CHALLENGE has caused damage to AOC, inasmuch as it has delivered the good and/or performed services to benefit the vessel, but AOC has not been paid for same.

**FIRST CAUSE OF ACTION AGAINST THE M/V COS INTREPID**

10. AOC repeats and re-alleges paragraphs 1 through 9 set out hereinabove as though the same were more thoroughly set forth at length herein.

11. AOC supplied "necessaries" to the M/T SEABULK CHALLENGE on the order of her owners, operators and/or agents, within the meaning of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, which despite demand therefor, payment therefor has not been received.

12. The failure to pay AOC for the $128,711.45 in necessaries provided to the M/T SEABULK CHALLENGE gives rise to a maritime lien over said vessel for which the vessel is liable directly in accordance with the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, and/or as otherwise allowed by the U.S. General Maritime Law.

**SUPPLEMENTAL RULE C RELIEF**

13. AOC repeats and re-alleges paragraphs 1 through 12 set out hereinabove as though the same were more thoroughly set forth at length herein.

14. Pursuant to the Federal Maritime Law, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, AOC is entitled to arrest the M/T SEABULK CHALLENGE to enforce its maritime lien.

**WHEREFORE**, Aaron Oil Company, Inc. prays:

A. That Aaron Oil Company, Inc. have judgment hereon in the principal amount of $128,711.45, together with pre-judgment and post-judgment interest, attorneys' fees and costs, including but not limited to *custodia legis* expenses incurred in connection with the requested arrest of the M/T SEABULK CHALLENGE;

B. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against Defendant M/T SEABULK CHALLENGE, her engines, boilers, tackle, etc., placing the vessel under the arrest, custody and control of the United States Marshals Service of this District;

C. That the Defendant M/T SEABULK CHALLENGE, her engines, tackle, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the demands and claims aforesaid with interest, attorneys' fees and costs, and *custodia legis* costs due Plaintiff as alleged herein;

D. That Plaintiff may have such other, further and different relief as the Court deems just and proper; and

E. Plaintiff agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all

others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the Vessel.

Respectfully submitted,

 */s/ T. Patrick O'Leary*
Andrew S. de Klerk (LA 1045)
T. Patrick O'Leary (LA 30655)
Brandon K. Thibodeaux (LA 32725)
**FRILOT L.L.C.**
3700 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3700
Phone:  504.599.8010
Fax:  504.599.8110
adeklerk@frilot.com
poleary@frilot.com
bthibodeaux@frilot.com
**Counsel Plaintiff,
Aaron Oil Company, Inc.**

**INSTRUCTIONS FOR CLERK OF COURT AND U.S. MARSHAL:**

PLEASE ISSUE WARRANT OF ARREST AND ARREST THE M/T SEABULK CHALLENGE, NOW LOCATED AT PHILLIPS 66 ALLIANCE REFINERY (MILE 63), OR ANOTHER LOCATION PROVIDED BY PLAINTIFF'S COUNSEL